UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, et al,

                                        Plaintiffs,

  -against-                                         Docket No.: 1:25-cv-02142-LKE

TREE OF LIFE RX INC., SIMHO ARONOV, EBA
DRUG CORP. D/B/A FINE CARE PHARMACY, OLGA
ALKADA A/K/A OLGA BALLAS, NICOLA HOUSLIN
NP, AND JOHN DOE NOS. "1" THROUGH "10",

                                        Defendants.
---------------------------------------------X

## AFFIDAVIT IN SUPPORT OF CERTIFICATE OF DEFAULT

STATE OF NEW YORK    )
                                ) SS.:
COUNTY OF NASSAU    )

Joanna Rosenblatt, being duly sworn, deposes and says:

       1.       I am a member of the Bar of this Court and an attorney with the law firm of Rivkin Radler LLP, attorneys for Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company ("Plaintiffs"), the Plaintiffs in the above captioned action. I am fully familiar with the facts and circumstances set forth in this affidavit.

       2.       I submit this affidavit pursuant to Rule 55.1 of the Local Civil Rules for the Eastern District of New York, in support of Plaintiffs' application for a certificate of default against the Defendant, Nicola Houslin NP (hereinafter "Defendant" or "Houslin").

3. This is an action seeking damages against, among others, Defendant Houslin arising from a systematic defrauding of the Plaintiffs by the Defendants, including Houslin.

4. Jurisdiction of the subject matter of this action is based upon 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. Pursuant to 28 U.S.C. § 1331, this Court also has jurisdiction over the claims brought under 18 U.S.C. §§ 1961 et seq. (the Racketeer Influenced and Corrupt Organizations ["RICO"] Act) because they arise under the laws of the United States. In addition, this Court has supplemental jurisdiction over the subject matter of the claims asserted in this action pursuant to 28 U.S.C. § 1367. Venue in this District is appropriate pursuant to 28 U.S.C. § 1391, as the Eastern District of New York is the District where one or more of the Defendant reside and because this is the District where a substantial amount of the activities forming the basis of the Complaint occurred

5. The Complaint in this action was filed on April 17, 2025 (*See* Docket Entry No. 1). A true and correct copy of the Summons and Complaint was served on Defendant Houslin on April 18, 2025. Proof of service was filed on April 21, 2025 (*See* Docket Entry No. 8).

6. Pursuant to the requirements of 50 U.S.C. § 521(b), I have made a careful investigation of whether Defendant Houslin is in the military. As a result of my investigation, I can state that Defendant Houslin is not in military service. Attached as Exhibit "A" is an affidavit of service confirming that Defendant Houslin is not in military service.

7. The Defendant Houslin has not answered the Complaint and the time for the Defendant to answer the Complaint has expired.

8. This action seeks judgment against Defendant Houslin for compensatory damages, punitive damages, treble damages, costs, and reasonable counsel fees.

Dated: Uniondale, New York
       May 16, 2025

                                                /s/ *Joanna Rosenblatt, Esq.*
                                                  Joanna Rosenblatt, Esq.